IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kawand K. Sykes, | Civil Action No.: 0:10-cv-972-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Ken Williams, Adminstrator; W.T. Johnson Director; Robin Cross, Kitchen Supervisor at Marion County Detention Center | |
| Defendants. | |

This is a *pro se* action brought by Plaintiff Kawand K. Sykes, a state prisoner at the Marion County Detention Center ("MCDC") at the time this action was commenced, seeking relief pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on September 20, 2010 (Dkt. No. 23) to which Plaintiff filed a response in opposition on October 27, 2010 (Dkt. No. 28). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation that the Defendant's Motion for Summary Judgment be granted. (Dkt. No. 30).

The Plaintiff was advised by the Magistrate Judge of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Petitioner has failed to object to the Report and Recommendation. As explained herein, this Court has reviewed the Record for any errors of law, agrees with the Report and Recommendation, and therefore grants Defendants' Motion for Summary Judgment.

1

## BACKGROUND

Liberally construing Sykes's complaint (Dkt. No. 1), Sykes alleges violations of his First and Eighth Amendment rights, extreme prejudice towards his religious beliefs, and negligence by prison medical and kitchen staff at the MCDC. Specifically, Sykes alleges he was served pork which he informed prison medical staff he was allergic to and in violation of his religious beliefs as a Muslim; that MCDC fails to maintain safe and sanitary living conditions in the prison; that there are no water fountains in the units and denial of water access is frequently threaten; that there are no handicap accessible units; that prison staff act in an unprofessional manner and abuse their authority; and that MCDC misappropriates its funds. (*See* Dkt. No. 1). Plaintiff prays for monetary compensation for his pain and suffering in the amount of $2.5 million dollars and for an investigation into the Department of Corrections' use of funds. *Id.*

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### A. Summary Judgment

In order to grant summary judgment, the Court must find "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A judge is not to weigh the evidence but rather must determine if there is a genuine issue for trail. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotx Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

### B. Liberal Construction of *Pro Se* Complaints

Federal Courts are charged with liberally construing a complaint of a *pro se* litigant to allow the development of a potentially meritorious case. *See, e.g., Erickson v. Parfus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto* 405 U.S. 319, 322 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Additionally, "a *pro se* complaint, however inartfully pleaded, must be held to

3

less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). *Cf.* FED. RULE CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). In evaluating a *pro se* complaint, Federal Courts are to assume the plaintiff's factual allegations are true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Under the mandated liberal construction standard afforded *pro se* pleadings, if the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Willer v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990).

### C. Sovereign Immunity

Pursuant to the Eleventh Amendment, states and state officials acting in their official capacities are protected from suits brought under 42 U.S.C. § 1983 by the doctrine of sovereign immunity. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The Supreme Court has stated, "[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agencies and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). To the extent that Plaintiff is suing the defendants in their official capacity, they are entitled to summary judgment and cannot constitute "person[s]" under § 1983 in that capacity. *See Will*, 491 U.S. at 70-71; *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (holding sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities).

### D. Qualified Immunity

In *Harlow v. Fitzgerald*, the Supreme Court established the standard for determining whether a defendant possess qualified immunity. 457 U.S. 800 (1982). *Harlow* held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. In determining the viability of a § 1983 claim against a government official in his individual capacity, the focus is on the conduct of the individual and his personal participation in an alleged violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). In other words, masters do not answer for the torts of their servants in § 1983 cases. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.")

Additionally, Plaintiff's complaint only contains personal allegations against individuals who are not named as defendants in this matter. As the Magistrate Judge noted, "Plaintiff has failed to offer any evidence or allege any personal involvement by the defendants with regard to any of his claims, the defendants are entitled to a judgment at a matter of law." (Dkt. No. 30 at 4-5).

### E. Claims Regarding Denial of Right to Freely Practice Religion of Plaintiff's Choice

Plaintiff alleges he has been denied the right to freely practice his religion because he was served pork in the prison cafeteria. (Dkt. No. 1). "A plaintiff bringing a free exercise claim under the Constitution must show that the exercise of his religion has been substantially burdened." *Williams v. Jackson*, No. 8:07-3661-CMC-BHH, 2009 WL 363450, at *7 (D.S.C. Feb. 10, 2009) (internal citations omitted). The Fourth Circuit has held that so long as a prisoner can obtain a nutritionally "balanced ration . . . [a] prison [is] not required to provide a special

5

diet" to prisoners whose religious beliefs would prevent them from eating certain foods. *Abernathy v. Cunningham*, 393 F.2d 775, 778 (4th Cir. 1968).

In his complaint, Plaintiff has failed to present any evidence he was ever prevented from voluntarily refraining from eating pork. Defendants have demonstrated that all prisoners have adequate options which would allow them to refrain from pork as still eat a well balanced meal. (*See* Dkt. No. 23-3). Accordingly, Plaintiff has not shown Defendants violated his constitutional rights in regards to his free exercise of religion.

### F. Claims Not Presented in Complaint

In Plaintiff's response to the Magistrate Judge in opposition to Defendants' summary judgment motion, Plaintiff alleges he was denied access to a religious leader, access to religious texts, and "time for [M]uslims to observe their [Sabbath] on [F]ridays." (Dkt. No. 28 at 2). Not only does Plaintiff fail to allege any personal involvement by the Defendants with regard to these claims, the claims themselves are not properly before the court. *See, e.g., Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding a party may not expand its claims to asset new theories in response to motion for summary judgment); *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (stating "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

6

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Defendants' Motion to for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

August 8, 2011
Charleston, South Carolina